UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN RAMIREZ IBARRA,

       Petitioner,

v.                               Case No. 3:26-cv-710-MMH-LLL

WARDEN BAKER COUNTY
DETENTION CENTER, et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Jonathan Ramirez Ibarra, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on March 31, 2026. Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 8). Ibarra filed a counseled Reply (Doc. 9). This case is ripe for review.

### II. Background

According to Ibarra, he is a citizen of Mexico who entered the United States without inspection in July 2011. Petition at 5. On February 28, 2026, United States Immigration and Customs Enforcement (ICE) detained Ibarra following an emergency incident. Id. He remains in ICE custody at Baker Correctional Institute. Id. at 3, 6.

### III. Analysis

The crux of Count One of Ibarra's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 10–11.[1] As relief, he seeks, inter alia, immediate release. Id. at 16. Respondents argue that this Court lacks jurisdiction over Ibarra's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–12.

The Court is satisfied it has jurisdiction over Ibarra's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Gomez

---

[1] Because the Court finds that Ibarra is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as Respondents contend and the Court finds that release is the appropriate remedy.[2] See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226).

Accordingly, it is **ORDERED**:

1.      Ibarra's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Ibarra **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[2] Insofar as Ibarra requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

Jax-9 5/11
c:
Counsel of Record